UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN B. BANKS,

                       Plaintiff,

  -against-

OFFICE ROYCE and JANE DOE #2,

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/26/2020

18-cv-4738 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Edwin B. Banks ("Plaintiff" or "Banks"), proceeding *pro se*, commenced the instant action on October 23, 2017. (*See* Complaint ("Compl."), ECF No. 2.) In this action, Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 sounding in the Fifth and Fourteenth Amendments to the United States Constitution against Defendants Mark Royce ("Royce") and Jane Doe #2 (together, "Defendants"). Specifically, Plaintiff alleges that Defendants denied him due process in relation to a disciplinary hearing.

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Royce has moved to dismiss the Complaint. (*See* ECF No. 21.) For the following reasons, Defendant Royce's motion to dismiss is GRANTED.

## BACKGROUND

**I. Factual Allegations**

    The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Plaintiff is an inmate within the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). (Compl. § II.) Plaintiff alleges a series of allegations about conduct occurring between September 2014 through December 2014, related to his medical observation stay at Clinton Correctional Facility ("Clinton"). In or around December 5, 2014, Plaintiff was transferred from Clinton to Sing Sing Correctional Facility ("Sing Sing"). (*Id*. at 12.) Defendant Royce is Deputy Superintendent of Security at Sing Sing. (*Id.* at 7.) Defendant Jane Doe 2 is the Comm.'s Hearing Office ("CHO") who "did [Plaintiff's] disciplinary hearing at Sing Sing for Clinton misbehavior report." (*Id*.)

At Sing-Sing, Plaintiff alleges that Defendants Royce and Jane Doe 2 "held disciplinary hearings against me that violated my substantial due process rights because the hearings purpose were to cover up the assault and battery against me and the violations of my rights." (*Id*. at 12.) Plaintiff further alleges that Defendants "Royce and Jane Doe 2 denied me my procedural due process when they prevented me from presenting evidence in the form of witnesses and documents." (*Id.*) According to Plaintiff, this was "to help cover up the assault and batter[y] against me which is a normal practice within DOCCS." (*Id.*)

## II. Procedural History

Plaintiff originally filed this Complaint on October 23, 2017 in the Southern District of New York. (*See* Compl.) The case was transferred to the Northern District of New York on January 5, 2018. (*See* ECF No. 6.) On May 29, 2018, United States District Judge Mae D'Agostino severed and transferred to the Southern District of New York the claims against Defendants Royce and Jane Doe #2. (*See* ECF No. 11.) On June 12, 2018, this Court issued an Order of Service, which included directions to the New York State Attorney General's Office to ascertain the identity of Sing Sing Hearing Officer Jane Doe #2. (ECF No. 14.) By letter dated

August 7, 2018, the New York State Attorney General's Office represented that DOCCS personnel conducted a reasonable inquiry but were unable to identify any individuals other than Defendant Royce that presided over Plaintiff's disciplinary hearing.  (*See* ECF No. 18.)

Defendant Royce filed the instant motion on December 12, 2019.  (ECF No. 21.)  The motion is unopposed.  (*See* ECF No. 22.)

## LEGAL STANDARD

### I.   12(b)(6)

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  Factual allegations must "nudge [a plaintiff's] claim from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A claim is plausible when the plaintiff pleads facts which allow the court to draw a reasonable inference the defendant is liable.  *Iqbal*, 556 U.S. at 678.  To assess the sufficiency of a complaint, the court is "not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).  While legal conclusions may provide the "framework of a complaint," "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678–79.

*Pro se* complaints are to be liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  They must be held to less stringent standards than complaints written by lawyers, and only dismissed when the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief."  *Estelle*, 429 U.S at 106 (quoting *Conley v. Gibson*, 335 U.S. 41, 45–46 (1957)).  This "is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated."

3

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). *Pro se* complaints must be interpreted as raising the strongest claims they suggest, but "must still state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013).

Where a Plaintiff fails to oppose a motion to dismiss a complaint for failure to state a claim, automatic dismissal is not merited. In such a situation, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–323 (2d Cir. 2000). As with all Rule 12(b)(6) motions, on an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *Id.* at 322. "If a complaint is sufficient to state a claim on which relief can be granted on its face, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *Accurate Grading Quality Assur, Inc. v. Thorpe*, No. 12 Civ. 1343 (ALC), 2013 WL 1234836, at *5 (S.D.N.Y. Mar. 26, 2013).

## II. 42 U.S.C. § 1983 Claims

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274

4

F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## DISCUSSION

### I. Due Process

Liberally construed, the Complaint alleges that Plaintiff was not afforded proper process during a disciplinary hearing in violation of his Fourteenth Amendment due process rights. Defendant Royce maintains that Plaintiff has failed to adequately state a claim for due process violations. For the following reasons, this Court finds that Plaintiff has insufficiently pleaded his due process claims.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To state a procedural due process claim, Plaintiff must show "(1) that Defendants deprived him of a cognizable interest in life, liberty, or property, (2) without affording him constitutionally sufficient process." *Proctor v. LeClaire,* 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted).

#### a. Liberty Interest

Regarding the first prong, a prisoner's liberty interest may be implicated by disciplinary action "only if the discipline imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Davis v. Barrett,* 576 F.3d 129, 133 (2d Cir. 2009) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). To determine whether the plaintiff endured an "atypical and significant hardship," courts consider "the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions" as well as the duration of the segregated confinement. *Davis,* 576 F.3d at 133. Although the Second Circuit has declined to

establish bright-line rules in this area, it has explicitly noted that "SHU [segregated housing unit] confinements of fewer than 101 days could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions" or "a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer v. Richards*, 364 F.3d 60, 65 (2d Cir. 2004).

Here, the Complaint is bereft of any facts describing the results of the disciplinary hearing, *i.e.* whether he was subjected to discipline, such as a change in the status of his confinement to be placed in the SHU as a result; how long he was subject to disciplinary penalties; or about the conditions of such discipline or confinement. He does not allege that he was found responsible of any disciplinary violation. Thus, Plaintiff has not alleged any facts that could, even generously construed, rise to an atypical and significant deprivation that would amount to a liberty interest trigging due process requirements. *See Sandin*, 515 U.S. at 486 (confinement must be an "atypical or significant hardship.").

### b. Constitutionally Sufficient Process

Even assuming that Plaintiff did allege a deprivation of liberty, Plaintiff fails to allege that Defendants also deprived him of due process.

If a disciplinary sentence infringing a liberty interest is imposed, the Due Process Clause then requires that an inmate have "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." *Sira v. Morton*, 380 F.3d at 69 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)). The Second Circuit has made clear that "in the context of [inmate disciplinary] proceedings, the only process due an inmate is that

minimal process guaranteed by the Constitution, as outlined in *Wolff*." *Williams v. Menifee*, 331 Fed. App'x 59, 60 (2d Cir. 2009) (emphasis in original) (quoting *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004)).  Furthermore, "judicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" *Id.* (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

Plaintiff alleges that Defendants prevented him from calling witnesses and presenting documents, but these allegations are not enough to show that Plaintiff was deprived of his due process right to summon witnesses and present documentary evidence.  Typically, inmates "may request witnesses either before or during a disciplinary hearing." *Marino v. Humphrey*, No. 05-CV-6571(SAS), 2006 WL 2786182, at *6 (S.D.N.Y. Sept. 27, 2006).  The right to call witnesses, however may be waived, particularly by "failing to make or reiterate a request" for a witness. *Id.* "[A] prisoner must object to the hearing officer's failure to call a requested witness before the close of the hearing, or he is deemed to have waived that request." *Id.* "This is true regardless of whether the prisoner requested the witness before or during the hearing, so long as the request was not specifically denied." *Id.*  Here, Plaintiff does not allege that he objected to Defendants' failure to call a witness at any point.

In addition, inmates are not entitled to every document they seek during a disciplinary hearing.  *Amaker v. Coombe*, No. 96 Civ. 1622, 2002 WL 523388, at *10 (S.D.N.Y. Mar. 29, 2002) (prison officials do not have to "retrieve every document that an inmate requests . . . [e]ven when documents are relevant and obtainable").  This is because "[p]rison officials must have the necessary discretion to keep [a prison disciplinary] hearing within reasonable limits and . . . to limit access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566.

Further, "any violations of this qualified [due process] right are reviewed for 'harmless error.'" *Pilgrim v. Luther*, 571 F.3d 201, 206 (2d Cir. 2009) (quoting *Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991)). To "establish a due process claim in connection with a prison disciplinary hearing, an inmate must show that he was prejudiced by the alleged procedural errors, in the sense that the errors affected the outcome of the hearing." *Clark v. Dannheim*, 590 F. Supp. 2d 426, 429 (W.D.N.Y. 2008) (dismissing state prisoner's due process claim based on hearing officer's denial of plaintiff's requests to review certain medical records, and to call DOCCS sergeant as a witness, where plaintiff failed to demonstrate that he was prejudiced by those refusals) (citing *Powell*, 953 F.2d at 750).

Here, the only allegations against Defendants are entirely conclusory. The Complaint simply states, "Royce and Jane Doe 2 denied me my procedural due process when they prevented me from presenting evidence in the form of witnesses and documents." (Compl. at 12.) This amounts to the type of "unadorned, the-defendant-unlawfully-harmed-me" allegation the Supreme Court held is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Plaintiff does not state what witnesses Defendants allegedly prevented him from calling or how; what documents Defendants prevented Plaintiff from offering or how; or, generally, any actions taken by Defendants that caused any injury to Plaintiff. Plaintiff has also failed to allege any facts supporting the conclusory allegation that Defendants intended to "cover up the assault and battery against me and the violations of my rights." (Compl. at 12.) "Conclusory allegations of bias are not enough to show that a plaintiff received constitutionally insufficient process." *Brown v. Murphy*, No. 16-CV-0710 (NSR), 2019 WL 2325777, at *3 (S.D.N.Y. May 30, 2019) (citing *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988) and *Colon v. Annucci*, 344 F. Supp. 3d 612, 638 (S.D.N.Y. 2018)).

Accordingly, even assuming the deprivation of a liberty interest, there are no non-conclusory allegations to show that Defendants denied Plaintiff due process at his disciplinary hearings. Plaintiff has failed to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Plaintiff's due process claims are dismissed without prejudice. In light of Plaintiff's *pro se* status, Plaintiff is granted leave to amend his Complaint to allege facts regarding the results of the disciplinary hearing and Defendants' actions relating thereto. *Cf. Barnes v. United States*, 204 F. App'x 918, 919 (2d Cir. 2006) (summ. order) (recognizing that a *pro se* complaint "should not be dismissed without granting leave to replead at least once when [a liberal] reading gives any indication that a valid claim might be stated" (quotations omitted)).

## CONCLUSION

For the foregoing reasons, Defendant Royce's motion to dismiss is GRANTED. Plaintiff's claims are dismissed without prejudice.

Plaintiff may file an Amended Complaint consistent with this Opinion, on or before October 26, 2020, should he choose to reassert his due process claim. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to remain must be included in the amended complaint. An Amended Civil Rights Complaint form is attached to this Opinion. If Plaintiff elects to file an amended complaint, Defendants shall have thirty days from the date of Plaintiff's filing to respond.

Accordingly, the Clerk of the Court is respectfully directed to terminate Defendant Royce's Motion to Dismiss at ECF No. 21. If Plaintiff does not file an Amended Complaint by October 26, 2020, and he cannot show good cause to excuse such a failure, those claims dismissed without prejudice by this order will be deemed dismissed with prejudice, and the action will be dismissed.

The Clerk of the Court is further directed to mail a copy of this Opinion to Plaintiff at his last known address listed on ECF and file proof of service on the docket.

Dated:  August 26, 2020　　　　　　　　　　　　　SO ORDERED:
　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge